UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MERILU MORENO-SMITH,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| VS. ) | Civil Action No.  SA-15-CA-668-XR |
| ) | |
| **THE ALTA VISTA NEIGHBORHOOD** ) | |
| **ASSOCIATION and THE CITY OF** ) | |
| **SAN ANTONIO,** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Leave to File Amended Complaint and Plaintiff's Motion to Remand, and the responses in opposition thereto.

**Background**

Plaintiff Moreno-Smith instituted this lawsuit in state court on December 17, 2013 by filing her "Original Petition for Unlawful Taking of Real Property" against the City of San Antonio.  The Alta Vista Neighborhood Association ("AVNA") was not named as a party at that time.  She alleged that the City installed a cement median on either side of the railroad track crossing on the street where Plaintiff resides and that the median and resulting changes to her property have caused harm to her real property.  Plaintiff did not serve the City with the lawsuit.  Plaintiff then filed a First Amended Petition for Unlawful Taking of Real Property against the City on June 18, 2014, adding a claim under 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments.  Plaintiff served the City.  The City answered, but did not remove the case.

The case was ordered to mediation by the state court in October 2014.  Mediation was not successful.  Plaintiff asserts that she learned after the mediation that the Alta Vista Neighborhood Association ("AVNA") may be partially responsible for deciding where the median would be located and "may be partially responsible for imposing a much greater burden on her property in order to

favor the property of others." As a result of this information, on July 13, 2015, Plaintiff filed her "Second Amended Petition for Unlawful Taking of Real Property," adding AVNA as a Defendant. AVNA was served the next day, and removed the action to this Court on August 10, 2015 on the basis of federal question jurisdiction. The City consented to the removal.

That same day, AVNA filed a Rule 12(b)(6) motion to dismiss for failure to state a claim against it (docket no. 4) on three bases: (1) AVNA is not a governmental entity; (2) at least two of the causes of action are barred by limitations; and (3) AVNA is immune to the claims pursuant to the First Amendment. AVNA seeks dismissal of all claims with prejudice. Plaintiff filed a response to the motion to dismiss (docket no. 9), a motion for leave to file an amended complaint (docket no. 8), and a motion to remand (docket no. 7).

In her motion for leave to file an amended complaint, Plaintiff seeks leave to file an amended complaint that omits all federal claims previously asserted and proceeds only with state-law claims. In her motion to remand, Plaintiff notes that she is dismissing her federal claims and asks the Court to remand the state-law claims pursuant to its discretion under 28 U.S.C. § 1367(c). AVNA opposes both motions, asserting that while Plaintiff is dismissing her federal claims, it is not a dismissal with prejudice, which is the relief sought in the motion to dismiss, and that the issues raised in the motion to dismiss remain in the proposed amended complaint. AVNA further contends that this Court should not exercise its discretion to remand the state-law claims.

**Analysis**

By amending her complaint to drop the federal claims, Plaintiff seeks to dismiss her federal law claims without prejudice. Because the City has answered, Plaintiff may dismiss the claims against the City only with the City's consent or by court order. FED. R. CIV. P. 41(a). The Court can dismiss the claims on terms that it deems proper. *Id.* AVNA has not filed an answer, and thus Plaintiff may unilaterally dismiss her claims against the AVNA. Because the City has not responded in opposition to Plaintiff's motion for leave to amend, the Court concludes pursuant to the Local Rules that the City is unopposed to Plaintiff's dismissal without prejudice. Further, the Court concludes that the City will not be prejudiced by a dismissal without prejudice. In addition, the policies of Federal Rule of Civil Procedure 15 favor amendment, given that Rule 15 permits a plaintiff to amend her complaint as of right in response to a motion to dismiss. Accordingly, the

Court finds it proper to allow Plaintiff to amend her complaint to dismiss all federal claims against the City and AVNA without prejudice.  AVNA's assertion that Plaintiff might re-assert these claims after remand is unconvincing, since AVNA could then remove the case again.  Plaintiff's motion for leave to file an amended complaint (docket no. 8) is granted.

The Court thus turns to Plaintiff's motion to remand.  A plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based does not defeat federal jurisdiction.  *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985).  Removal was proper in this case, and Plaintiff's dismissal of her federal claims does not deprive this Court of jurisdiction.

However, this court has discretion to remand supplemental state-law claims after a plaintiff has dropped the federal cause of action upon which removal was originally based.  *In re Wilson Industr., Inc.*, 886 F.2d 93, 95 (5th Cir. 1989); *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747 (5th Cir. 2014).  Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state-law claim if:  (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the supplemental jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  In addition, a district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  *Id.* at 357.

Although Plaintiff states that she is dropping her federal claims in order to return to state court and has thus sought to manipulate jurisdiction by dismissing the federal claims from the suit, the Court concludes that the balance of factors nevertheless weighs in favor of declining to exercise jurisdiction over the supplemental state claims.  *See* 28 U.S.C. § 1367(c).  The state-law claims "predominate over the non-existent federal claims" and the federal claims are now dismissed.  *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).  The retention of the case would not

serve judicial economy in light of the early stage of the litigation here.  Plaintiff quickly dropped her federal claims; this case has been pending here for less than a month; the Court has not issued any scheduling orders or held any hearings; and the Court is equally or less familiar with the case than the state court from which it was removed.  *See Brookshire Bros*. *Holding, Inc. v. Dayco Prods., Inc*., 554 F.3d 595, 602-03 (5th Cir. 2009).  The relevant state and federal courthouses are in equally convenient locations.  It is "fair to have [ ] the purely Texas state law claims heard in Texas state court," and nothing in the record suggests that either party would be prejudiced by remand.  *See Enochs*, 641 F.3d at 160.  Although Plaintiff has engaged in some forum manipulation, that is not dispositive, and there is no indication that AVNA will be prejudiced thereby.  It will not need to duplicate any discovery, research, or briefing, since the issues raised in the motion to dismiss pertaining to the remaining state-law claims can be decided by the state court on the current briefing.  *See Hicks*, 564 F. App'x at 749 n.1 (noting that although plaintiff engaged in forum manipulation by dismissing federal claims, defendant did not demonstrate prejudice).  AVNA claims that remand would result in a duplication of briefing and a duplication of effort by defendants, but fails to demonstrate how consideration by the state court of the issues already briefed would result in a duplication of briefing or a duplication of effort by defendants other than perhaps re-filing or re-urging the same motion to dismiss, which is *de minimis*.  Finally, comity weighs in favor of remand as "the Supreme Court has for nearly half a century cautioned federal courts to avoid 'needless decisions of state law.' " *Id.* at 161 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

      Plaintiff's motion for leave to amend her complaint (docket no. 8) is GRANTED.  The federal claims having been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims, grants Plaintiff's motion to remand (docket no. 7), and REMANDS this case to state court.

      SIGNED this 3rd day of September, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE